HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M. SHIPP, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN SEBELIUS, in her capacity as Secretary of Health and Human Services, <br><br> Defendant. | CASE NO. C14-585RAJ <br><br> ORDER |

## I.  INTRODUCTION

This matter comes before the court on Plaintiff's motion for recusal. The court has reviewed the motion (Dkt. # 9) and declines to recuse voluntarily. The court directs the clerk to refer the motion to the Honorable Marsha J. Pechman, Chief Judge, in accordance with the District's local rules. Local Rules W.D. Wash. LCR 3(e).

## II.  DISCUSSION

Plaintiff has asked the undersigned judge to recuse primarily because he believes that "a staff member in the clerk's office bypassed LCR 3(c) and selectively directed this case back to this particular judge for the third time." Pltf.'s Mot. at 1. Plaintiff is mistaken; this case was randomly assigned to the undersigned judge.

It is plain that Plaintiff is dissatisfied with the undersigned judge's rulings in a previous case, *Shipp v. Leavitt*, No. 08-1460RAJ. The court briefly summarizes the proceedings in that case. The court dismissed it in March 2009 for lack of subject matter

ORDER – 1

jurisdiction.  Plaintiff appealed that ruling to the Ninth Circuit, which affirmed in a March 2010 memorandum decision, from which a mandate issued in June 2010.  In December 2012, Plaintiff moved to reopen that case.  This court denied that motion in January 2013, and Plaintiff again appealed to the Ninth Circuit.  The Ninth Circuit deemed the appeal frivolous in April 2013, then dismissed the appeal in May 2013 when Plaintiff failed to pay the filing fee.

Two statutes enumerate reasons that a judge might recuse: 28 U.S.C. § 144 and 28 U.S.C. § 455.  The first requires a demonstration of "a personal bias or prejudice either against [the litigant seeking recusal] or in favor of any adverse party . . . ."  28 U.S.C. § 144.  The second requires disqualification "in any proceeding in which [the judge's] impartiality might reasonably be questioned," or in a series of specific circumstances, including when the judge has a "personal bias or prejudice concerning a party."  28 U.S.C. § 455(a) & (b)(1).  Regardless of which statute Plaintiff invokes, a recusal request based on dissatisfaction with a judge's rulings is inadequate.  *Mayes v. Leipziger*, 729 F.2d 605, 607 & n.1 (9th Cir. 1984) (affirming district court's decision not to recuse via § 144 where request stemmed from judge's prior adverse rulings); *Pau v. Yosemite Park*, 928 F.2d 880, 884 (9th Cir. 1991) ("[R]ecusal under section 455 is required only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.") (internal quotation omitted).  Plaintiff's recusal request stems largely, if not entirely, from his dissatisfaction with the court's rulings in his prior case.  The court denies it for that reason.

Plaintiff also asserts that the court had ex parte contact with Defendant's representatives.  Again, he is mistaken.  He has no evidence of ex parte conduct, only guesswork based on incorrect assumptions.  For example, he contends that the clerk's order setting a trial date and pretrial schedule in his previous action was a determination that the court had subject matter jurisdiction, which the court later reversed.  The clerk's

ORDER – 2

order setting a trial date was not a substantive ruling; it was a routine order issued in all cases in which parties submit a joint statement containing proposed trial dates. The court decided that it lacked subject matter jurisdiction solely because of the documents that Defendant later submitted in support of its motion to dismiss. Plaintiff's allegations of ex parte contact are groundless.

Both 28 U.S.C. § 144 and § 455 impose the same substantive standard for recusal: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonable be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Here, the undersigned judge finds no objective basis on which a reasonable person might question his impartiality. The undersigned judge is also mindful that granting a request for recusal in this case would only encourage litigants who receive adverse rulings to request recusal.

Finally, the court notes that Plaintiff has also asked for the recusal of Mary Alice Theiler, United States Magistrate Judge. Judge Theiler's sole role in this proceeding was to consider Plaintiff's application to proceed in forma pauperis, a role initially reserved to magistrate judges in this District. Gen. Ord. 03-12 (Sept. 12, 2012) at ¶ 6 ("Unless the court otherwise directs, upon filing, the clerk shall assign to a magistrate judge all motions and applications to proceed *in forma pauperis*.").[1] She was randomly selected among this District's magistrates to do so. She has already resolved that motion by granting it. She has no ongoing involvement in this proceeding, and even if she did, Plaintiff has demonstrated no valid reason for her recusal.

### III.  CONCLUSION

For the reasons stated above, the court declines to voluntarily recuse from this action, and directs the clerk to refer Plaintiff's motion for recusal (Dkt. # 9) to the

---

[1] General Order 03-12 is available at http://www.wawd.uscourts.gov/sites/wawd/files/09-12-12GOAmendedOrderreConsentReferences.pdf.

ORDER – 3

1  Honorable Marsha J. Pechman, Chief Judge, in accordance with Local Rules W.D. Wash.
2  LCR 3(e).
3      Dated this 11th day of June, 2014.

                                                                                    *[signature: Richard A. Jones]*

                                                                  The Honorable Richard A. Jones
                                                                  United States District Court Judge

ORDER – 4