UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M SHIPP,<br><br>            Plaintiff,<br><br>    v.<br><br>KATHLEEN SEBELIUS,<br><br>            Defendant. | CASE NO. C14-585 RAJ<br><br>ORDER ON REVIEW OF MOTION TO RECUSE |

Before this Court is Plaintiff's Motion for Recusal (Dkt. No. 9) and the order of the presiding judge in this matter, United States District Judge Richard A. Jones, declining to recuse himself. (Dkt. No. 15.) The motion has been transferred to this Court for review in accordance with Local Rules W.D. Wash. ("LCR") 3(e).

Upon consideration of the motion and all relevant documents in this matter, the Court affirms Judge Jones and DENIES the motion to recuse.

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Judge Jones has presided over a previous case in which Plaintiff was a party. (*See* Shipp v. Leavitt, No. 08-1460RAJ.) Plaintiff cites two grounds for recusal in his motion. The first is his belief that somehow "a staff member in the clerk's office bypassed LCR 3(c) and selectively

directed this case back to this particular judge for the third time." (Pltf Mtn, p. 1.) Plaintiff presents no evidence whatsoever to support this assertion and Judge Jones, in his order, states categorically that "this case was randomly assigned to the undersigned Judge." (Dkt. No. 15, p. 1.) Lacking any evidence to the contrary, the Court is not persuaded by Plaintiff's first argument.

As for Plaintiff's second ground for recusal:

> [A]dditionally, the request for recusal is being made, so that this judge can be prevented from being put into the position of sitting as a one-man grand jury in this particular case, as the Plaintiff has, and will have to, make statements critical of his prior judgement…

(Pltf Mtn, p. 2.) It is clear that the basis of Plaintiff's request for Judge Jones to remove himself is his dissatisfaction with Judge Jones's previous rulings and the resulting belief that Judge Jones will continue to rule unfavorably as regards him. In fact, the bulk of Plaintiff's eight-page, single-spaced brief is devoted to a lengthy analysis of why Judge Jones's prior rulings were incorrect.

As the Supreme Court stated in <u>Liteky</u>, this is simply an inadequate basis upon which to recuse a presiding judge. Even if Judge Jones's earlier decisions had not been upheld by the Ninth Circuit Court of Appeals (which they were; *see* <u>Shipp v. Sebelius</u>, 369 Fed.Appx. 861 (2010)), they could not form a basis for a finding of bias.

In order to establish partiality on the part of his presiding judge, Plaintiff would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. A review of Judge Jones's rulings in this and previous matters reveals no orders that were so outlandish or irrational as to give rise to an inference of bias.

As Plaintiff has cited no extrajudicial source of bias, the Court finds that Judge Jones's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal of Judge Jones is DENIED.

Additionally, Plaintiff's motion requests the recusal of Magistrate Judge Mary A. Theiler, alleging that:

> Since appeals of Judge Theiler orders are decided by [Judge Jones], as she was his magistrate judge, when the Plaintiff was last before this court, it appears that this Motion for recusal would have to extend to Judge Theiler as well (e.g. since the time of this motion, Judge Theiler has been adjudicating the Plaintiff's IFP petition/motion).

(Pltf Mtn, p. 2.) As directed by General Order 03-12, Judge Theiler was assigned by the Clerk's Office (again, a random selection) to consider Plaintiff's application to proceed *in forma pauperis*. Having already decided that motion, her involvement in this case is concluded so Plaintiff's motion as regards her is moot. If it were not, the motion would be denied for Plaintiff's failure to allege any facts evidencing bias or prejudice which might warrant a recusal.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Plaintiff's motion for Judge Jones or Judge Theiler to recuse themselves in this case.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated this 16th day of June, 2014.

Marsha J. Pechman
United States Chief District Judge

ORDER ON REVIEW OF MOTION TO RECUSE- 4